Mark Epstein, Esq.     SBN: 159801
Jaimie Bombard, Esq.   SBN: 271776
**The Epstein Group**
**Attorneys & Counselors at Law**
2358 Market Street, Third Floor
San Francisco, California 94114
Telephone (415) 863-5718
Facsimile (415) 863-8719
e-mail: mepstein@epsteingroup.com

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

Marissa Ryan

         Debtor.

CASE NO. 14-30056

**Chapter 7**

**DEBTORS' MOTION TO COMPEL ABANDONMENT OF BUSINESS AND BUSINESS ASSETS; MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to the Court's order shortening time to hear the instant motion and pursuant to 11 USC § 554 (b) and Federal Rules of Bankruptcy Procedure Rule 600 (b), Debtor Marissa Ryan bring this motion to compel abandonment of debtors' business entitles Evanstar Spa and all business assets listed in the petition for Chapter 7 bankruptcy including Debtors' right under the real property lease. This motion is brought on the grounds that the interest of the estate in the business and the business assets are burdensome to the estate and of inconsequential value and benefit to the estate.

### STATEMENT OF FACTS

On January 14th, 2014 Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Act, including, without limitation, various Schedules, the Statement of Financial Affairs, and the Statement of Intention ("Petition"). Debtor operates a small San Francisco Spa as

[DEBTORS' MOTION TO COMPEL ABANDONMENT]

a sole proprietorship? doing business as "Evanstar Spa." After filing her petition, debtor filed Schedule B-Personal Property, in which Debtors listed "Evanstar Spa", and stated that the value of the business was $1,000 and that the business' assets' estimated value was $8,175.00. On Schedule C-Property Claimed as exempt, Debtor claimed an exemption for the business and its assets.

Debtor leases the premises occupied by the spa. The current monthly rent is $2,000, the lease is expired and is paid on a month to month basis. Debtor does not regard this lease as favorable or below market, and therefore, assigned a value of $0 to their rights under the lease in Schedule B of the Petition. (*Id.*) Debtor prepared a profit and loss statement indicating a net gain of $15,500.24 for the calendar year 2013. The business has liability insurance in force. Being forced to close the business is a hardship on the debtor as she continues to be obligated to pay fixed expenses including rent and utilities, but is prevented from earning income.

## ARGUMENT

The Debtor does not believe her rights under the commercial lease have any value since the lease is expired. Businesses may have "going concern" value due to intangibles such as location, reputation, or customer base. The location of the business is not particularly good as foot traffic along the portion of 1908 Divisadero Street, where the spa is located is not high. With a small business, often these "intangibles" are so closely tied to the current owners of the business that they have no value to prospective purchasers. It is important to note that the profitability of the business is likely what most prospective buyers would use as a proxy to value the going concern value of the business. What remains are the tangible assets of the business, which consist of depreciated equipment and inventory. These assets have an estimated value of $8,175 which is well below the allowed exemption for tools of the trade and the wildcard.

In sum, it is evident that the business and business assets, including Debtors rights under the lease are of inconsequential value to the estate considering the amount claimed as exempt. Rather, their administration, including, without limitation, marketing and leasing the premises, and/or taking, storing and auctioning the business assets would be burdensome to the estate.

The trustee has stipulated to the relief requested. The stipulation is attached.

## CONCLUSION

For the foregoing reasons, Debtor respectfully requests that the Court grant the Motion and issue an order compelling the Trustee to immediately abandon the business Evanstar Spa and the business assets, including Debtors' rights as a month-to-month tenant under the real property lease.

DATED: February 7, 2014

THE EPSTEIN GROUP
Attorneys & Counselors at Law

By: /s/ MARK EPSTEIN
MARK EPSTEIN
Attorneys for Marissa Ryan